UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TONY FERGUSON                                    CIVIL ACTION NO. 17-cv-1570

VERSUS                                           JUDGE HICKS

SWIFT TRANSPORTATION CO. OF                      MAGISTRATE JUDGE HORNSBY
ARIZONA, ET AL

**MEMORANDUM ORDER**

Tony Ferguson, a citizen of Louisiana, filed suit in state court against Swift Transportation Co. of Arizona, LLC. and its driver, Demoreo Lenoir. Ferguson alleged that he was driving on Interstate 20 when Lenoir, the operator of a Swift-owned freight tractor, rear-ended Ferguson's vehicle and caused personal injuries.

Swift filed a notice of removal based on an assertion of diversity jurisdiction, which puts the burden on Swift to set forth facts that show that there is complete diversity of citizenship and an amount in controversy in excess of $75,000. Swift's allegations with respect to citizenship are lacking. It alleges that Ferguson is a citizen of Louisiana and that Lenoir is a citizen of Mississippi, and those allegations are, on their face, adequate. The allegation of Swift's own citizenship is where there is a problem.

Swift's name suggests that it is a limited liability company (LLC), but Swift begins its allegations with respect to its own citizenship by reciting the rule that a corporation is a citizen of the state of its incorporation and the state of its principal place of business. Swift

then alleges that it was incorporated in Delaware. It does not set forth the state in which it has its principal place of business.

Swift needs to determine whether it is a corporation or, as it name suggests, a limited liability company. If it believes it is a corporation, then it needs to (1) explain why it has the initials LLC in its name and (2) allege the state in which it has its principal place of business.

If Swift determines that it is an LLC, then it will need to amend its allegations to allege its citizenship in accordance with the rules for an LLC. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

With respect to the amount in controversy, Swift points to Ferguson's allegations of injuries such as low back pain, osteoarthritis, neck pain, hip pain, and muscle spasms. Ferguson also makes claims for "severe" injuries and lists several categories of damages. This court has noted in orders such as those in Davis v. LeBlanc, 2017 WL4399275 (W.D.

La. 2017) and Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012) that it is not always facially apparent that claims exceed $75,000 when a petition includes boilerplate allegations of "severe" injuries and the standard categories of damages. Defendants who wish to ensure that they have met their burden add specific facts such as the amount of settlement demands, the amount of medical expenses, and the nature and duration of any medical care. Swift should review Davis, Wright, and the cases cited therein and determine whether it is comfortable with its current allegations with respect to amount in controversy or wishes to improve them.

Swift will be allowed until **January 8, 2018** to file an amended notice of removal and clarify its own citizenship. It may also include additional allegations with respect to the amount in controversy. The court will then determine whether is has subject matter jurisdiction or must remand the case.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of December, 2017.

Mark L. Hornsby
U.S. Magistrate Judge