UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TONY FERGUSON | CIVIL ACTION NO. 17-cv-1570 |
| VERSUS | CHIEF JUDGE HICKS |
| SWIFT TRANSPORTATION CO. OF ARIZONA ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is Defendants' **Motion for Protective Order (Doc. 80)** which is granted in part and denied in part as set forth below. Also pending is **Plaintiff's Second Motion to Compel (Doc. 82).** The motion to compel is not yet fully briefed, but due to overlapping issues with the motion for protective order, the court has provided instructions to the parties with regard to that motion at the end of this order.

In the motion for protective order, Defendants ask the court to limit the topics in Plaintiff's Rule 30(b)(6) deposition notice because some of the topics are irrelevant and not proportional to the needs of this case. Most of Defendants' relevancy objections are based on Defendants' admissions of fault for the accident. More specifically, Swift admits their driver was solely at fault in causing the accident, and it also admits that their driver was acting in the course and scope of this employment at the time of the accident.

The undersigned has considered the applicable precedent regarding the effect of Defendants' admissions. Those cases include Thomas v. Chambers, 2019 WL 1670745 (E.D. La. 2019)(Vance, J.) and Dennis v. Collins, 2016 WL 6637973 (W.D. La. 2016 (Hicks, J.), which generally hold that once the employer stipulates that its employee was

in the course and scope of his employment, then Plaintiff cannot maintain claims directly against the employer.

Judge Cain, sitting in the Lake Charles division of this court, recently issued two rulings in which he found that a plaintiff may maintain claims against the employer for negligent hiring, training, or supervision despite a stipulation of vicarious liability. In Roe v. Safety National, 18-cv-1353 (W.D. La. 2020), the plaintiff moved to amend to assert claims of negligence directly against the employer. The magistrate judge denied leave to amend based on futility because defendants had stipulated to vicarious liability. Judge Cain reversed the magistrate judge's order and permitted the amendment. In doing so, he noted that the Louisiana Supreme Court has recognized direct claims against an employer for negligent hiring, training, and supervision as stand-alone claims distinct from the claim for vicarious liability, citing Harris v. Pizza Hut, 455 So.2d 1364 (La. 1984). See also Gordon v. Great West, 18-cv-967 (W.D. La. 2020)(denying the employer's motion for summary judgment on claims for negligent entrustment, hiring, and training, even though the employer had stipulated to vicarious liability)(Cain, J.).

Fortunately, the undersigned need not reconcile these decisions, because this case is unique: Swift has admitted that it is vicariously liable, *and it has also admitted that the accident was caused solely by the fault and negligence of its driver*. Answer, Doc. 77, ¶¶ 12-16. That means Swift is 100 percent liable for whatever damages the jury finds Plaintiff suffered as a result of the accident. No evidence of Swift's negligent hiring, training, supervision, or entrustment can raise Swift's percentage of fault above 100. Under these

circumstances, the only discernable reason to press other claims directly against Swift is to inflame or prejudice the jury.

Plaintiff takes issue with whether Defendants entered into a "real" stipulation. The undersigned finds that they have done more than simply enter a stipulation: Defendants have admitted in their Answer that their driver was solely at fault for causing the accident and that Swift is vicariously liable. The admissions are sufficient to bind Defendants, and they will not be allowed to withdraw or amend those admissions. Plaintiff may rely on those admissions as substantive evidence at trial.

This does not mean that Plaintiff should be precluded from taking the Rule 30(b)(6) deposition of Swift. It does mean, however, that topics that are designed solely to show Swift was independently negligent are completely irrelevant. Each disputed topic is addressed in turn.

## Disputed Topics

Topic 2 (other persons Defendants contend are at fault): Irrelevant.

Topic 5 (financial condition and net worth of Swift): Irrelevant. There is no claim for punitive damages, and Defendants have produced their certificate of insurance.

Topic 6 (information on supervision of driver): Irrelevant.

Topic 7 (standards of conduct and supervision of driver): Irrelevant.

Topic 8 (routes and foreseeability of accident): Irrelevant.

Topic 9 (driver's pre-accident conduct and reckless disregard for safety): Irrelevant.

Topic 10 (Swift's understanding and appreciation of its driver's conduct; foreseeability; feasibility of alternative conduct): Irrelevant.

Topic 11 (driver distraction and fatigue):  Irrelevant.

Topic 12 (inadvertence; distracted driving):  Irrelevant.

Topic 17 (why driver was distracted):  Irrelevant.

Topic 28 (statements made by the driver or Plaintiff):  This topic is acceptable, although Defendants may protect the attorney-client privilege.

Topic 29 (surveillance of Plaintiff):  This topic is acceptable.  Impeachment evidence is subject to discovery under Rule 26(b).

Topic 30 (accident reports regarding the wreck):  This topic is acceptable.

Topic 33 (any and all reports generated regarding the wreck):  Overbroad as written.

Topic 34 (appraisals and bills for repair of Swift's truck):  This topic is acceptable.

Topic 35 (removal of parts from Swift's truck):  This topic is acceptable.

Topic 36 (storage of Swift's truck):  This topic is acceptable.  Defendants' timeliness objection is overruled.

Topic 45 (black box data):  This topic is acceptable.

Topic 48 (Detroit Assurance data):  The topic is acceptable to the extent any representative of Defendant has the information.

Topic 49 (chain of custody for downloaded truck data):  Plaintiff may inquire only with regard to Swift's standard procedure for downloading data and whether that standard procedure was followed for this wreck.

Topic 50 (metadata).  Unduly burdensome and irrelevant due to the admission of fault.

Topics 51-55 (five employees who handled data): Plaintiff vaguely alleges in his brief that Defendants' representatives failed to preserve evidence or that they destroyed evidence. Evidence of what? Of the driver's fault? If so, it is irrelevant, due to Defendants' admissions, unless the specific questions go to medical causation or damages.

Topic 56 (discuss Defendant's answer): Too vague. The request to re-depose a witness, buried in the text of Plaintiff's opposition brief, is not properly before the court.

### Defendants' Objections to Document Requests

RFP 17 (surveillance of Plaintiff): Overruled. Impeachment evidence is subject to discovery under Rule 26(b).

RFP 18 (any document concerning Plaintiff): Sustained. Too broad.

RFP 19 (any and all medical records): Moot. Defendants have already produced them.

RFP 20 (all accident/incident reports): Overruled. However, counsel's notes and thoughts must still be protected.

RFP 21 (any drawings or sketches): Overruled, except those made by counsel.

RFP 22 (post-crash inspections): Overruled, except as to counsel's notes.

RFP 23 (any and all reports): Sustained. Too broad.

RFP 28 (driver's manual): Overruled.

RFP 39 (Detroit Assurance data): Sustained. Defendants do not have it. They are expected to make reasonable efforts to get and produce it.

RFP 40 (all Swift employees knowledgeable about the investigation or preservation of data): Sustained. Too broad.

RFP 41 (metadata): Sustained. Unduly burdensome and irrelevant due to the admission of fault.

RFPs 42-46 (all documents regarding the employment of several individuals): Sustained. Too broad.

RFP 47 (names of all supervisors of certain listed employees): Overruled. Defendants shall provide a list of the names for the relevant time period.

### Plaintiff's Second Motion to Compel

Plaintiff's Second Motion to Compel (Doc. 82) is pending but is not yet fully briefed. That motion raises many of the same issues that were pending in Defendants' motion for protective order, which was decided above. Counsel shall confer in good faith by telephone and determine which issues in the Plaintiff's motion were not resolved by the above ruling. The parties are directed to file supplemental briefs to discuss any issues that remain despite the court's ruling. The briefs **shall not to exceed seven pages** and leave of court is hereby granted in advance for their filing. The parties shall not use the supplemental briefs to reargue issues that were decided above. The supplemental briefs are due by **July 8, 2020**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of June, 2020.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE