UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TONY FERGUSON | CIVIL ACTION NO. 17-1570 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEMOREO LENOIR, AND SWIFT TRANSPORTATION CO. OF ARIZONA, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Magistrate Appeal (Record Document 94) filed by Plaintiff Tony Ferguson. Plaintiff objects to and appeals the Magistrate Judge's Memorandum Order (Record Document 90) dated June 30, 2020, granting Defendants' Motion for Protective Order. For the reasons set forth below, the Magistrate Appeal (Record Document 94) is **DENIED** and Magistrate Judge Hornsby's Memorandum Order (Record Document 90) of June 30, 2020 is **AFFIRMED**.

This suit arises out of a motor vehicle accident. Plaintiff alleges Defendant driver, Demoreo Lenoir ("Lenoir"), rear-ended Plaintiff's vehicle in the eastbound lane of Interstate 20. See Record Document 7-2. On January 14, 2020, Plaintiff provided the Defendant company, Swift Transportation ("Swift"), with a Proposed Notice of 30(b)(6) Deposition (Record document 80-1) which contained 47 areas of inquiry and requested 63 sets of documents. On April 28, 2020, Plaintiff issued a second Proposed Notice of 30(b)(6) Deposition (Record Document 80-2) which contained requests for new topics and documents in violation of the Magistrate Judge's Scheduling Order (Record Document 76). Plaintiff amended his Complaint on April 21, 2020. See Record Document 73. Defendants filed an Answer (Record Document 77) to Plaintiff's Amended Complaint

on May 4, 2020, in which Swift admitted the accident was caused by the fault of Lenoir. Swift further admitted that it was vicariously liable for the actions of Lenoir because he was "acting within the course and scope of his employment with Swift Transportation at the time of the accident." Record Document 77 at ¶ 14. On May 12, 2020, Plaintiff sent a third Notice of 30(b)(6) Deposition (Record Document 80-3) to Swift which requested more documents and topics. In total, Plaintiff requested 80 different areas of inquiry and 65 documents. See Record Document 80.

Defendants filed a Motion for Protective Order (Record Document 80) on May 29, 2020. Defendants requested the court limit the topics in Plaintiff's Rule 30(b)(6) deposition because Defendants believe them to be irrelevant following Swift's admission of fault. See Record Document 80. In an order signed on June 30, 2020, Magistrate Judge Hornsby granted the motion. See Record Document 90. The Plaintiff appealed this decision on July 14, 2020. See Record Document 49.

Any party may appeal a Magistrate Judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1 M & W.  The decision by Magistrate Judge Hornsby to grant the Defendants' motion to compel is not listed in 28 U.S.C.§ 636(b)(1)(A) as one of the dispositive motions that a magistrate may not conclusively decide. In reviewing a non-dispositive pretrial matter, the Court must determine whether the Magistrate Judge's order was clearly erroneous or contrary to law. See Fed. R. Civ. Proc.  72(a).

Magistrate Judge Hornsby's Order excludes those topics which discuss whether Swift was independently negligent. See Record Document 90. Plaintiff argues the Magistrate Judge's Order precludes the Plaintiff from conducting discovery on other issues of fault or causes of action which may be brought against Swift. See Record

Document 94. However, Magistrate Judge Hornsby concluded that Louisiana case law generally prohibits a plaintiff from maintaining claims directly against the employer once the employer stipulates: 1) the accident was the fault of the employee's negligence, 2) the employee acted in the course and scope of employment, and 3) the employer is vicariously liable. See generally Thomas v. Chambers, 2019 WL 1670745 (E.D. La. 2019) (Vance, J.); Dennis v. Collins, 2016 WL 6637973 (W.D. La. 2016) (Hicks, J.). As result, Magistrate Judge Hornsby found all topics listed by Plaintiff pertaining to Swift's fault or potential role in future claims are irrelevant to the present case.

In Dennis v. Collins, this Court held that a plaintiff "can never simultaneously maintain both (1) a direct negligence cause of action against an employer and (2) a negligence cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable when the defendant stipulates that the employee acted in the course and scope of employment." Dennis, 2016 WL 6637973, at *1. This Court's decision in Dennis echoed the Louisiana Third Circuit's reasoning that a claim of negligent hiring is superfluous when the employer admits it is directly responsible for the negligence of its employee. See generally Libersat v. J & K Trucking, Inc., 772 So.2d 173, 179 (La. App. 3 Cir. 2000).

The Court agrees with the Magistrate Judge's limitations placed on the Plaintiff's 30(b)(6) deposition. Because Swift stipulates that it is 100 percent liable for all damages found, any topics listed by Plaintiff discussing the Swift's independent fault are unnecessary. Further, those areas of inquiry related to any future claims against Swift are irrelevant to the instant issue and are improper topics of discussion.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 94) is **DENIED** and the Memorandum Order of June 30, 2020 (Record Document 90) is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT