**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **TONY FERGUSON** | **CIVIL ACTION NO. 17-cv-1570** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **DEMOREO LENOIR, and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC** | **MAGISTRATE JUDGE HORNSBY** |

# INTERVENOR'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**MATTHIESEN, WICKERT & LEHRER, S.C.**
**JAMES T. BUSENLENER (LA Bar #22284)**
**NICHOLAS O. ZOTTI (LA Bar #35596)**
**101 W. Robert E. Lee Blvd., Suite 401**
**New Orleans, LA 70124**

**Attorneys for Intervenor,**
**Granite State Insurance Company**

# TABLE OF CONTENTS

Table of Authorities ..................ii

I. FACTS .................. 2

II. LAW AND ARGUMENT .................. 5

III. CONCLUSION .................. 12

# TABLE OF AUTHORITIES

## STATUTES

Louisiana Revised Statute 9:5001 ........................................................ 1, 5, 6, 8, 10

Louisiana Revised Statute ............................................................................... 2

Louisiana Revised Statute 23:1103 .......................................... 1, 4, 5, 6, 7, 8, 9, 10, 11

Louisiana Revised Statute 37:218 ........................................................ 1, 5, 6, 8, 10

## CASES

*Baltazar v. Wolinski*
2011-0051 (La. 3/4/11), 56 So.3d 947 ....................................................................... 8

*Baltazar v. Wolinski*
2010-0757 (La. App. 3rd Cir. 12/8/10), 53 So.3d 591. *Id.* at 606...................................... 9

*Cosse v. Allen-Bradley Co.*
App. 5 Cir.1992, 612 So.2d 286, writ granted 616 So.2d 689,
affirmed in part, reversed in part 625 So.2d 486,
dissenting opinion 641 So.2d 532 ........................................................................ 11

*LeBlanc v. ABC Insurance Company*
2006-157 (La. App. 3rd Cir. 6/21/06), 934 So.2d 219, 221 ...................................... 6, 7, 8

*St. Tammany Parish School Board v. Bullinger*
2014-0940 (La. App. 1st Cir. 12/23/14), 168 So.3d 493, 500 .......................................... 8

*Theodile v. RPM Pizza, Inc.*
2003-987 (La. App. 3rd Cir. 2/4/04), 865 So.2d 980 ............................................... 6, 7

*Tommie's Novelty v. Velasco*
40-483 (La. App. 2nd Cir. 3/8/06), 923 So.2d 936 ................................................... 7, 8

*Worthen v. Celadon Group, Inc.*
2010 WL 317586 (W.D. La. 1/25/10) ...................................................................... 7

## EXHIBITS

Exhibit A – Affidavit and intervenor's contingency fee contract (filed under seal) .......... 2, 3, 4, 6

Exhibit B – Itemization .......... 4

Exhibit C - *Baltazar* Appellate Brief .......... 8

Exhibit D – Amendments to 1103(C)(1) .......... 9

Exhibit E – Fax filing of Petition of Intervention .......... 11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **TONY FERGUSON** | **CIVIL ACTION NO. 17-cv-1570** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **DEMOREO LENOIR, and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC** | **MAGISTRATE JUDGE HORNSBY** |

**INTERVENOR'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

**MAY IT PLEASE THE COURT:**

Intervenor, Granite State Insurance Company ("Granite State"), opposes plaintiff, Tony Ferguson's, Motion for Attorney's Fees and Costs. The controlling statute, Louisiana Revised Statute 23:1103(C)(1), provides that if the employer intervenes in the third-party suit filed by the employee, the worker's compensation carrier shall only be responsible for a share of the reasonable legal fees and costs incurred by plaintiff counsel, not to exceed one-third of the intervenor's recovery. 23:1103(C)(1) clearly limits payment of attorney's fees and litigation costs to a combined one-third of intervenor's recovery. Even with the clear language of the statute and the intent of the legislature, plaintiff attempts to argue around the statute by asserting that Louisiana Revised Statutes 9:5001 and 37:218 prime the Louisiana Worker's Compensation Act. Plaintiff's argument runs counter to decades of application of 23:1103 to worker's compensation interventions, and he is legally and factually incorrect. The Motion should be denied in so far as plaintiff counsel is asserting that his private fee agreement with his client supersedes the Louisiana Worker's Compensation Act.

## I. FACTS

Plaintiff, Tony Ferguson, was injured while employed with Warhorse Vacuum Services, LLC ("Warhorse"). Warhorse maintained a policy of worker's compensation insurance covering its employees with Granite State. Pursuant to its legal and contractual obligations, Granite State paid worker's compensation indemnity benefits in the amount of $171,101.57 and medical benefits in the amount of $70,037.19 to and on behalf of plaintiff. (See Judgment, Doc. 266.) The Louisiana Worker's Compensation Act is a no-fault law, which mandates benefits be paid to the injured worker by the employer and its insurer regardless of the fault of the employer or employee. Often, a third-party has caused the accident and the employee will make a claim or file suit against a third-party and obtain a settlement or judgment. In order to prevent a double recovery and thus a windfall to the employee, the Louisiana legislature enacted Louisiana Revised Statute 23:1101, *et. seq.*, which allows for an employer and/or worker's compensation carrier to subrogate and obtain reimbursement of the worker's compensation benefits paid from any third-party tortfeasor out of any recovery or judgment obtained by a claimant from a third-party tortfeasor. This is the bargain struck between employers and employees, a bargain which plaintiff now seeks to unilaterally nullify.

Plaintiff counsel represents his client, Mr. Ferguson, with whom he has an attorney fee contract. Plaintiff counsel has no attorney's fee contract with Granite State. Indeed, Granite State retained its own counsel, with whom it agreed to a contingency fee contract for the recovery of the worker's compensation lien. (See Exhibit "A," Affidavit and intervenor's contingency fee contract, redacted to remove attorney-client content and filed under seal.) Throughout the third-party case, intervenor's counsel assisted plaintiff counsel by, for example, obtaining information regarding medical treatment or bills,

conducting legal research which it shared with plaintiff counsel, and participating at trial to the extent allowed by this Honorable Court. Intervenor's counsel was not allowed by this Honorable Court to actively participate in trial, but he assisted plaintiff counsel by consulting with plaintiff counsel about witnesses and arguments; and even providing notes to plaintiff counsel for use during the closing argument, at plaintiff counsel's specific request. Intervenor's counsel even obtained a stipulation by all parties to the amount of worker's compensation medical benefits paid, $70,037.19. Intervenor's counsel actively obtained defense counsel's agreement to the stipulation, thereby directly leading to the recovery of $70,037.19 of the $191,674.31 eventually awarded by the jury. (See Exhibit "A" and billing ledger attached thereto.) This stipulation established the amount of medical damages eventually awarded against defendants, thereby alleviating plaintiff from the need of introducing specific evidence to prove up the medical damages. In contrast, plaintiff counsel actively worked against the intervenor's interest. In the vast majority of worker's compensation interventions, a plaintiff counsel will stipulate as to the amount of medical and indemnity benefits paid, to avoid testimony by a worker's compensation claims representative in front of the jury as to the benefits paid and avoid the risk that the jury will be unduly influenced by the knowledge of a collateral source. In this case, plaintiff counsel refused to stipulate as to the amount of the lien until trial itself, forced intervenor to file a Motion for Partial Summary Judgment (Doc. 194) regarding the amount of the lien, and even demanded that the worker's compensation claims representative actually testify in front of the jury to prove up the lien. That request was denied by this Honorable Court, and plaintiff counsel eventually agreed to stipulate to the amount of the lien only after realizing that by stipulating to the medical benefits, plaintiff and intervenor would be allowed to recover that same amount of medical benefits from the third-party tortfeasor.

At trial, the jury awarded special damages of $191,674.31 and no general damages. The Judgment (Doc. 266) established that Granite State paid indemnity benefits of $171,101.57 and medical benefits of $70,037.19, for a total of $241,138.76. (See also itemization attached hereto as Exhibit "B," an earlier version of which was previously submitted into evidence as Exhibit "A" to Doc. 194.) The Judgment awarded $191,674.31 and judicial interest to plaintiff and Granite State, deferring the issue of apportionment of the award between plaintiff and intervenor.

Plaintiff counsel now seeks an award of 40% attorney fees from intervenor's recovery, plus litigation expenses in the amount of $94,605.77. However, plaintiff makes no showing that the expenses are recoverable under 23:1103 as "reasonable costs." Plaintiff counsel has included in the expenses a number of items which are not reasonable costs, attempting to reduce the worker's compensation intervenor's recovery. For example, plaintiff counsel includes an advance in the amount of $1,000.00 to his client for plumbing repairs, car repairs, and miscellaneous bills for home. Of course, this is not a litigation cost. It is a direct advance anticipating a recovery. It also includes a $1,005.00 mediation fee even though Granite State participated in mediation and paid its own mediation fee in the same amount. (See Exhibit "A" and costs contained in billing ledger.) Granite State is also charged for $122.30 for new clothing purchase for plaintiff to wear at the mediation, as well as clothing for trial in the amount of $184.29, $618.86, and $87.68. Plaintiff counsel even seeks to charge an Office of Worker's Compensation filing fee of $66.00 against the intervenor, even though that obviously has no relation to the third-party suit. (See plaintiff's Bill of Costs, Doc. 268.) Plaintiff also fails to reduce his costs claim by the $18,042.01 in court costs that he seeks to tax against defendants. (Doc. 268.)

## II. LAW AND ARGUMENT

Louisiana Revised Statute 23:1103(C)(1) provides:

> C.(1) If either the employer or employee intervenes in the third party suit filed by the other, **the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor's recovery for prejudgment payments or prejudgment damages**. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to postjudgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages.
>
> (Emphasis added.)

Plaintiff seeks to avoid the long-established subrogation provisions of 23:1103 by arguing that private fee contract statutes, Louisiana Revised Statutes 9:5001 and 37:218, prime the Worker's Compensation Act. His argument focuses on the sanctity of a fee contract between a plaintiff and his attorney. However, no one is arguing that plaintiff counsel can't enforce his contract against his client, if his client had actually received any damages. What he can't do is enforce his contract against third parties who did not contract with plaintiff counsel. Plaintiff counsel did not sign an attorney's fee contract with Granite State. In fact, Granite State signed its own contingency fee contract with its own counsel, in which Granite State agreed to pay its counsel a percentage of intervenor's recovery and costs. It is the clash of these two contracts which the Worker's Compensation Act, and specifically 23:1103, resolves by allowing for an apportionment

of fees between plaintiff counsel and intervenor counsel in proportion to their level of activity in obtaining a recovery.[1] While intervenor's counsel actively participated in the third party litigation, given the expenses in the case and the legal work performed by plaintiff counsel, intervenor has no objection to a reduction of the lien recovery by one-third for contribution to plaintiff's attorney fees and expenses. But plaintiff counsel's demand for a 40% fee plus over $90,000 in alleged expenses is contrary to Louisiana law and should be denied.

Plaintiff counsel incorrectly relies on *Theodile v. RPM Pizza, Inc.*, 2003-987 (La. App. 3rd Cir. 2/4/04), 865 So.2d 980, for the proposition that Louisiana Revised Statute 37:218 and Louisiana Revised Statute 9:5001 prime Louisiana Revised Statute 23:1103, which limits plaintiff attorney's fees and costs from the lien recovery to a combined one-third. In *Theodile*, the Third Circuit Court of Appeal of Louisiana did not examine whether the plaintiff attorney's costs were included within the one-third recovery limit of 23:1103. As noted by the Louisiana Third Circuit when it subsequently distinguished *Theodile* in *LeBlanc v. ABC Insurance Company*, 2006-157 (La. App. 3rd Cir. 6/21/06), 934 So.2d 219, 221, the sole issue decided by the *Theodile* Court was whether medical expenses and litigation costs advanced to the plaintiff by counsel were part of the attorney's fee subject to the attorney's lien. Here, Granite State is not arguing that the expenses of litigation incurred by plaintiff counsel are not part of the attorney's fee subject to an attorney's lien. Rather, Granite State is simply asserting that pursuant to Louisiana law (23:1103), any attorney's fees and litigation costs recoverable from the lien are limited to one-third of the lien recovery. This issue was not examined in *Theodile*, which is why the

---

[1] Plaintiff counsel submits no evidence as to the amount of legal work he performed on the case, such as attorney fee statements or affidavit. In contrast, intervenor submits an affidavit and time and expense billing ledger. (Exhibit "A.")

Third Circuit distinguished *Theodile* and ruled for the compensation carrier in a case identical to this one. In *LeBlanc*, *supra*, the plaintiff had recovered $157,500.00 from the third party, which was less than the amount of the worker's compensation lien. Therefore, all of the $157,500.00 belonged to the worker's compensation carrier to reimburse it for the worker's compensation benefits paid to the plaintiff. The plaintiff attorney argued that he was entitled to one-third of the $157,500.00 ($52,500.00) for attorney's fees, plus an additional $6,708.00 for court costs and related litigation expenses. The Third Circuit specifically noted that plaintiff counsel could only recover one-third of the worker's compensation lien recovery for both attorney's fees and related costs, as allowed by 23:1103(C)(1). *Id.*, at p. 221, citing *Tommie's Novelty v. Velasco*, 40-483 (La. App. 2nd Cir. 3/8/06), 923 So.2d 936. The Third Circuit stated:

> Although LeBlanc's argument is meritorious in that the outcome of this matter is unfair and may have a stifling effect on attorneys taking cases involving a workers' compensation intervention, the wording of Louisiana Revised Statute 23:1103(C)(1) is clear, and we are statutorily bound by its limits. This is a problem to be resolved by the legislature, rather than by the courts.

*Id*. The Third Circuit then went on to distinguish *Theodile* by noting that *Theodile* failed to address the pertinent issue from 23:1103(C)(1).[2]

Numerous other Louisiana courts have ruled attorney's fees and costs a plaintiff attorney can receive from a worker's compensation lien recovery are limited to a combined one-third. The Louisiana First Circuit Court of Appeal stated, "When an injured employee prosecutes a case to judgment, she will be owed costs and attorney's fees

---

[2] Likewise, plaintiff's reliance on *Worthen v. Celadon Group, Inc.*, 2010 WL 317586 (W.D. La. 1/25/10), is misplaced because that magistrate decision cited to the distinguished *Theodile* decision, did not reference *LeBlanc*, and did not analyze if 23:1103 limits the plaintiff counsel's fees and costs from the worker's compensation recovery to a combined one-third.

pursuant to Louisiana Revised Statute 23:1103(C)(1), capped at a combined ratio of one-third." *St. Tammany Parish School Board v. Bullinger*, 2014-0940 (La. App. 1st Cir. 12/23/14), 168 So.3d 493, 500. The Louisiana Second Circuit Court of Appeal has ruled, "However, we do find merit in US Specialty's contention that the award of $10,752.63 exceeded the one-third limit provided for in Louisiana Revised Statute 23:1103(C)(1). In our view, the language of the statute concerning the calculation of awards is clear in this regard." *Tommie's Novelty v. Valesco*, 40-483 (La. App. 2nd Cir. 3/8/06), 923 So.2d 936, 940. As discussed, the Louisiana Third Circuit Court of Appeal decided its position on this issue in *LeBlanc v. ABC Insurance Company*, *supra* at 220-221. Even the Louisiana Supreme Court has commented on the issue, albeit indirectly via a *per curiam* decision. In *Baltazar v. Wolinski*, 2011-0051 (La. 3/4/11), 56 So.3d 947, the jury had awarded damages of $147,000.00 to the plaintiff, but the worker's compensation lien was $164,000.00. The trial court's judgment granted intervenor 100% of the total amount ($147,000.00) that had been awarded against the third party defendant, for reimbursement of the worker's compensation benefits, less one-third in attorney's fees and costs pursuant to 23:1103(C)(1) ($49,000.00). Plaintiff appealed, arguing (just as here) that according to Louisiana Revised Statutes 37:218 and 9:5001 the contingency fee agreement for one-third attorney's fees and all litigation related expenses primed the intervenor's lien and Louisiana Revised Statute 23:1103. The plaintiff argued that his counsel should receive one-third of the $147,000.00 judgment, plus his litigation expenses of approximately $50,000.00. The worker's compensation insurer argued 23:1103(C)(1) controlled and plaintiff counsel's attorney's fees and costs were limited to a combined one-third. (See attached *Baltazar* Appellate Brief at p. 7-10, attached hereto as Exhibit "C.") On appeal to the Louisiana Third Circuit, the Third Circuit reversed on

other grounds without commenting on the attorney's fee issue.[3] The Louisiana Supreme Court granted the writ. While the Supreme Court affirmed that there was no evidence of a lien total in the amount of $164,000.00, it determined that there was at least evidence of a lien in the amount of $33,250.84. Importantly for this case, it then apportioned the lien recovery to reduce it by one-third ($11,083.61) for plaintiff counsel's attorney's fees and costs. While the Supreme Court did not extensively comment on the issue, it cited Louisiana Revised Statute 23:1103(C)(1) and did not award a proportionate share of costs to plaintiff counsel from the lien.

Why is the jurisprudence so uniform on this issue? Because the Louisiana legislature specifically amended 1103(C)(1) in 1997 to make it clear that both fees and costs were limited to a combined one-third. The legislature amended 1103(C)(1), in pertinent part, from:

> C.(1) If either the employer or employee intervenes in the third party suit filed by the other, **the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages**…

To:

> C. If either the employer or employee intervenes in the third party suit filed by the other, **the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages**…

(See attached Exhibit D, Amendments to Acts, emphasis added).

---

[3] *Baltazar v. Wolinski*, 2010-0757 (La. App. 3rd Cir. 12/8/10), 53 So.3d 591. *Id.* at 606. The Third Circuit reversed because it determined that there was no evidence of any stipulation as to the amount of the lien.

Even a cursory examination of 9:5001 and 37:218 reveals why Louisiana courts have overwhelmingly ruled that the plaintiff attorney's fee contract with his client is not binding on the worker's compensation carrier. 9:5001(B) defines the term "professional fees" as "the agreed upon fee." Granite State did not reach any fee agreement with plaintiff counsel in this matter, so there is no agreed upon fee or professional fees that are applicable. 37:218(A) begins by stating, "**By a written contract signed by his client**, an attorney at law may acquire as his fee an interest in the subject matter of a suit…" (Emphasis added.) Granite State is not plaintiff counsel's client and Granite State did not sign a written contract with plaintiff counsel. Even plaintiff counsel would agree that as he actively sought to subvert the worker's compensation subrogation interest by refusing to stipulate as to the amount of the lien, he was not representing the worker's compensation carrier. The only applicable statute allowing plaintiff counsel to recover fees and costs from the worker's compensation lien recovery is 23:1103.

Contrary to the assertions of plaintiff counsel, even though the jury returned a verdict which was less than the worker's compensation lien, the Louisiana Worker's Compensation Act contemplates just this scenario. 23:1103(A)(1) provides, "if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; …" That's what happened in this case, the jury award is less than the worker's compensation lien. This means, pursuant to statute, that Tony Ferguson is not the prevailing party and does not receive any of the jury award. Granite State, by statute, receives the entire jury award, subject to a reduction for no more than one-third for both attorney's fees and costs. Thus, plaintiff's fee contract with his client does not apply because his client has no recovery. Happily for plaintiff counsel, he still gets to recover a

fee and some of his litigation expenses, capped at one-third of intervenor's recovery pursuant to 23:1103. If plaintiff had taken the case to trial and gambled on a large recovery and lost at trial, and there were no worker's compensation lien, his attorney would be forced to absorb all of the litigation expenses and have no cause for complaint. Similarly, plaintiff counsel took this case to trial knowing full well that the worker's compensation carrier had a statutory right of first recovery in the amount of $241,138.76 from anything recovered at trial. Plaintiff counsel gambled that the judgment would be more than $241,138.76, and lost. If the Louisiana legislature had wanted to allow plaintiff attorneys to enforce their private fee contracts with their clients against the worker's compensation carrier, it could have easily done so by simply providing that the plaintiff attorneys fees and costs are taken first from any third-party recovery, after which the worker's compensation lien is satisfied out of the remainder. It did not do that. In fact, it amended the statute in 1997 to specifically limit both attorney's fees and costs to no more than one-third.

Intervenor is also entitled to judicial interest. A workers' compensation carrier that intervenes in an injured employee's action against third-party tort-feasors, seeking reimbursement for workers' compensation benefits paid, is entitled to legal interest as of the date of intervention (November 15, 2017, see fax filing of Petition of Intervention attached as Exhibit "E.") on payments made before intervention, and legal interest as of date of each payment for payments made subsequent to intervention. *Cosse v. Allen-Bradley Co.*, App. 5 Cir.1992, 612 So.2d 286, writ granted 616 So.2d 689, affirmed in part, reversed in part 625 So.2d 486.

## CONCLUSION

Intervenor respectfully submits that judgment be entered apportioning the jury verdict in the amount of $191,674.31 to Intervenor, Granite State Insurance Company, in reimbursement of its $241,138.76 lien, plus judicial interest from date of intervention for payments made before intervention and legal interest as of the date of each payment made subsequent to intervention, reduced by one-third for contribution to plaintiff's attorney fees and costs.

**Respectfully submitted,**

**MATTHIESEN, WICKERT & LEHRER, S.C.**

***/s/ James T. Busenlener***

**JAMES T. BUSENLENER (LA Bar #22284)**
**NICHOLAS O. ZOTTI (LA Bar #35596)**
**101 W. Robert E. Lee Blvd., Suite 401**
**New Orleans, LA 70124**
**P: (262) 673-7850**
**F: (262) 673-3766**
**Email: jbusenlener@mwl-law.com**
**nzotti@mwl-law.com**

**Attorneys for Intervenor,**
**Granite State Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record to this proceeding by using the CM/ECF system, email, hand delivery, by fax, by Federal Express, or by placing a copy in the United States Mail, postage prepaid and properly addressed this 17th day of January, 2022.

***/s/ James T. Busenlener***
**JAMES T. BUSENLENER**