**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TONY FERGUSON | CIVIL ACTION NO. 17-1570 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION CO. OF ARIZONA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are a Motion to Strike Plaintiff's Supplemental Expert Reports (Record Document 309) filed by Defendants, Swift Transportation Company of Arizona, Inc. ("Swift") and Demoreo Lenoir ("Lenoir") (collectively "Defendants"), and a Motion on Scope of Trial (Record Document 302) filed by Plaintiff Tony Ferguson ("Ferguson"). Ferguson filed an Opposition to the Motion to Strike (Record Document 299), and Defendants filed a Reply (Record Document 300). Defendants also filed an Opposition to the Motion on Scope of Trial (Record Document 304), and Ferguson filed a Reply (Record Document 305). For the reasons set forth below, the Motion to Strike is **GRANTED**, and the Motion on Scope of Trial is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The present suit arises out of an accident on I-20 in Webster Parish in 2017 between Ferguson and a Swift tractor-trailer driven by Lenoir. See Record Document 304 at 1. On November 14, 2017, Ferguson filed suit in state court for injuries allegedly sustained in the crash, and the suit was subsequently removed to this Court. See id. In their Answer to Ferguson's Amended Complaint, Swift and Lenoir admitted to 100% of the fault for the accident. See id. Thus, on November 15, 2021, the case went to trial before a jury on the issue of damages alone. See id. The jury returned a verdict awarding

Ferguson some special damages, but no general damages. See id. Thereafter, this Court granted Ferguson's motion for new trial on the issue of damages. See id.; see also Record Document 286.

In the pending Motion to Strike, Defendants argue that, in the interim before the second trial of this matter, Ferguson has provided "supplemental expert reports that violate this Court's granting of the new trial and violate the Court's instructions." See Record Document 298 at 1. In sum, Defendants ask this Court to exclude the new and supplemental opinions of the following experts, in various forms: (1) Bob Gisclair, (2) Brian Haygood, (3) Steve Allison, (4) Robert C. Eisenstadt, and (5) Dr. Michael Acurio. See id. Defendants argue that the Court limited additional discovery for the second trial of this matter "to update medical charges and indemnify [sic] benefits paid by the workers compensation carrier, but the Court would not allow new medical reports or expert reports." See Record Document 298-2 at 2. Defendants base this argument on this Court's statement that "all previous trial, motion and evidence deadlines will remain closed." See Record Document 286.

In response to the Motion to Strike, Ferguson asserts that under the Court's new Scheduling Order (Record Document 296), the deadline for Plaintiff's Supplemental Expert Reports was August 1, 2022, and each of the above-referenced expert reports were produced by this new deadline. See Record Document 299 at 2. Ferguson also asserts generally that discovery should be reopened, pursuant to a recent case from the Supreme Court of Louisiana, which is further discussed in the Motion on Scope of Trial. See id.; see also Record Document 302. In their reply, Defendants re-assert that discovery is to remain closed, and Ferguson's attempt to supplement his expert reports

is merely an effort to circumvent this Court's previous orders, which properly limited the scope of discovery. See Record Document 300 at 2.

In conjunction with his argument concerning discovery in the context of expert reports, Ferguson requests in his Motion on Scope of Trial that this Court issue "an order reopening discovery and allowing previously excluded discovery of evidence of the independent negligence of [Swift] in accordance with Louisiana substantive law." See Record Document 302 at 1. Ferguson directs this Court's attention to the case of Martin v. Thomas, 346 So.3d 238 (La. 2022), a recent decision by the Louisiana Supreme Court that Ferguson believes allows him to assert a theory of Swift's independent negligence, despite Defendants' stipulation of fault in this matter. See id. at 3. In their opposition, Defendants contest Ferguson's reading of Martin and argue that its holding does not apply where, as here, a stipulation of 100% fault has been made. See Record Document 304 at 2. Thus, Defendants argue this Court should not reopen discovery to allow Ferguson to prove-up a theory that the Court has already rejected. See id.

Because both motions concern the scope of discovery and the issues to be presented at trial, the Court will address each motion below.

## LAW AND ANALYSIS

### A. Defendants' Motion to Strike Ferguson's Expert Reports

In their Motion to Strike, Defendants assert that seven different reports produced by Ferguson defy the Court's previous Order (Record Document 286) closing evidence and discovery; thus, Defendants ask this Court to strike each supplemental report and preclude the introduction of new evidence contained in the reports at trial. See Record Document 298-3 at 1–2. Defendants point to the minutes from the status conference held

in this matter on February 23, 2022, at which this Court granted the motion for new trial. See Record Document 286. In the minutes, the Court ordered: "All previous trial, motion, and evidence deadlines will remain closed." See id. at 2. The Court further stated that any "issue regarding new deadlines for expert reports or medical treatment testimony" would be handled by the Magistrate Judge. See id. In their motion, Defendants assert that this language, as well as further communications from the Magistrate Judge, prevent Ferguson from introducing any new evidence for the second trial of this matter. See Record Document 300 at 1. Defendants agree with Ferguson that he can "introduce updated medical bills reflecting additional workers compensations [sic] payments and additional indemnity bills," but Defendants contest Ferguson's attempt to introduce any evidence outside that limited scope. See id. at 2.

Ferguson responds by pointing out that the new Scheduling Order (Record Document 296) provides a deadline of August 1, 2022 for "PLAINTIFF'S SUPPLEMENTAL EXPERT REPORTS (not treating physicians)." See Record Document 299 at 2. Ferguson then asks, "Why would the Court include these deadlines in the scheduling order if no updated expert reports would be allowed?" See id. But Ferguson misses the point: Ferguson could update his expert reports with continuing medical and workers compensation indemnity bills, but this did not give him free reign to introduce a multitude of new expert opinions that were absent from the first trial of this matter. Instead, the facts of the case were "frozen" as of the date of the first trial, and Ferguson was limited to a narrow scope of additional evidence. About this the Court was clear, and Ferguson's attempts to characterize the new expert opinions as mere supplementation are unpersuasive. Thus, the Motion to Strike Plaintiff's Expert Reports is **GRANTED**, and

Ferguson is hereby limited to the introduction of updated medical bills and workers compensation indemnity bills. Bob Gisclair's new Life Care Plan dated July 28, 2022, Steve Allison's September 22, 2021 FCE, Brian Haygood's August 1, 2022 report, and Robert Eisenstadt's August 8, 2022 report are stricken, and witnesses Dr. Acurio, Brian Haygood, Steve Allison, Bob Gisclair and Robert Eisenstadt are precluded from testifying to the evidence contained therein.

**B. Ferguson's Motion on the Scope of New Trial**

In addition to new evidence in the form of expert reports, Ferguson also requests in his Motion on Scope of Trial that discovery be re-opened to allow additional "discovery into the independent fault of [Swift]…that he was erroneously previously denied." See Record Document 302-1 at 15. Ferguson bases his argument on the recent Louisiana Supreme Court case, Martin v. Thomas, in which the court held that "an employer sued for both direct negligence and vicarious liability for an employee's negligence is not automatically relieved from liability for direct negligence merely by stipulating that the employee was acting in the course and scope of employment." 346 So.3d at 238. Under this holding, Ferguson contends that he should have been able to conduct discovery and introduce evidence concerning Swift's independent negligence, as it relates to negligent hiring, training, supervision, and retention, despite Swift's stipulation of fault. See Record Document 302-1 at 3.

Defendants respond, and this Court agrees, that Martin simply does not apply here. In Martin, the employer stipulated that the employee was acting in the course and scope of his employment at the time of the injury at issue. See Martin, 346 So.3d at 240. The Supreme Court of Louisiana held that such an admission, while binding, does not

relieve the employer of its own independent liability, apart from its vicarious liability. See id. at 248. Thus, a stipulation concerning course and scope of employment does not automatically preclude a plaintiff from conducting discovery and producing evidence of an employer's independent fault. See id.

In the present case, Swift, as the employer, stipulated to the course and scope element, just like in Martin. However, unlike in Martin, Swift and Lenoir stipulated to 100% of the fault for the accident and Ferguson's resulting injuries. In fact, in a previous Order issued on June 30, 2020, this Court explained that Swift and Lenoir stipulated both (1) that Swift was vicariously liable for the fault of Lenoir (which includes the course and scope element) and (2) that Lenoir was 100% at fault for the accident. See Record Document 90 at 2. The facts of the case today remain exactly the same as the Court stated them in its previous Order: "That means that Swift is 100 percent liable for whatever damages the jury finds Plaintiff suffered as a result of the accident. No evidence of Swift's negligent hiring, training, supervision, or entrustment can raise Swift's percentage of fault above 100." See id. Thus, the Martin holding is inapplicable because not only has Swift admitted to its vicarious liability, but the Defendants have also already accepted 100% of the fault—and this percentage simply cannot exceed 100.

Ferguson also attempts to re-urge another argument this Court has already rejected—namely, that the stipulation to fault by Defendants was "contested," "unilateral," and unsupported by the law. See Record Document 305 at 7. However, as this Court has previously stated, "…[Defendants] have done more than simply enter a stipulation: Defendants have admitted in their Answer that their driver was solely at fault for causing the accident and that Swift is vicariously liable." See Record Document 90 at 3.

Defendants are bound by these admissions, something they have acknowledged and adhered to. Further, in the Joint Pretrial Order submitted by both parties, Ferguson stated under "Plaintiff's Contentions": "There is no longer any fault issue before the Court." See Record Document 199 at 1. Ferguson's repeated attempts to somehow circumvent the admission of fault—an admission that, in essence, allows full recovery to Ferguson in the first instance—are futile. Thus, the Motion on Scope of Trial is **DENIED**, and discovery will remain closed on the issue of the alleged independent negligence of Swift.

Further, in the Motion on Scope of Trial, Ferguson incorporates additional argument as to the continued medical treatment he received, thus purportedly justifying updated expert reports. See Record Document 302-1 at 9. However, as explained above, any additional evidence in this context has been limited to updated medical bills and workers compensation indemnity bills. Any other expert opinions are prohibited. Thus, the Motion is **DENIED** as it relates to Ferguson's request to broaden the scope of medical records and testimony allowed at trial.[1]

Ferguson's final argument concerns evidence about "gaps in treatment" that Ferguson asserts he was prevented from presenting at trial. See Document 302-1 at 11. In essence, Ferguson believes he should be able to prove to the jury that any perceived gaps in Ferguson's treatment were due to the sole discretion of the workers' compensation insurance carrier, so that the jury does not draw an unfavorable inference from those gaps. See id. at 12. Defendants respond that Ferguson was aware of these

---

[1] Ferguson also directs this Court's attention to a statement made in the first trial of this matter, indicating that the scope of medical records and testimony regarding continued treatment should be cut off at some point three to four weeks before trial. See Record Document 302-1 at 11. This cut-off may be workable as to the new medical and indemnity bills only, but the issue will be discussed more fully at the pre-trial conference.

apparent gaps throughout the course of this litigation, and thus, Ferguson has not demonstrated good cause to re-open discovery as to an issue that has existed since before the first trial of this matter. See Record Document 304 at 9. This Court agrees with Defendants and declines to re-open discovery. Ferguson may not re-hash old arguments that this Court has previously decided; the Court's Order granting the new trial made clear that all deadlines would remain closed, and that the new trial was for purposes of damages alone. See Record Document 286. Thus, the Motion on Scope of Trial is **DENIED** to the extent Ferguson requests the Court to re-analyze its previous rulings as to evidence of the workers' compensation carrier's handling of the claim.

**CONCLUSION**

Based on the reasons explained above,

**IT IS ORDERED** that Defendants' Motion to Strike (Record Document 309) is **GRANTED**. Bob Gisclair's new Life Care Plan dated July 28, 2022, Steve Allison's September 22, 2021 FCE, Brian Haygood's August 1, 2022 report, and Robert Eisenstadt's August 8, 2022 report are hereby stricken, and witnesses Dr. Acurio, Brian Haygood, Steve Allison, Bob Gisclair and Robert Eisenstadt are precluded from testifying to any new evidence contained therein.

**IT IS FURTHER ORDERED** that Ferguson's Motion on Scope of Trial (Record Document 302) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of January, 2023.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT