UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TONY FERGUSON | CIVIL ACTION NO. 17-1570 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEMOREO LENOIR and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Certificate of Appealability (Rec. Doc. 342) filed by Plaintiff Tony Ferguson. Defendants, Demoreo Lenoir and Swift Transportation Co. of Arizona, LLC, opposed the motion (Rec. Doc. 355), and Plaintiff filed a reply (Rec. Doc. 361).

In the motion, Plaintiff argues that there are three key issues in the Court's recent Memorandum Ruling (Rec. Doc. 317) that justify immediate appeal: (1) "whether a plaintiff can be prevented from presenting evidence of past medical treatment and evidence of future medical treatment; and, an ethical consideration and matter of public policy concerning the testimony of treating physicians related to the care of their patient"; (2) "whether or not a plaintiff can maintain an independent negligence action against an employer who admits course and scope, and sole fault of the employee, while maintaining a denial of any independent fault"; and (3) "whether by admission of certain allegations in a Plaintiff's petition, a Defendant can categorically moot other allegations and topics of discovery, with or without a final partial summary judgment on fault." See Record Document 342 at 1–2. In their opposition, Defendants respond that these issues do not require immediate appeal under this Court's precedent in Dooley v. MB Industries, LLC,

Civil Action No. 16-0362, 2018 WL 521795 (W.D. La. 1/22/2018), because the balance of the applicable six factors weigh in favor of denying Plaintiff's motion.

After a review of the briefs and based upon its knowledge of the record as a whole, the Court **DENIES** the Motion for Certificate of Appealability. The Court finds that the circumstances here do not warrant the extraordinary remedy of an immediate appeal, and that allowing immediate appeal of these issues would result in the kind of piecemeal litigation that is disfavored by the Fifth Circuit. See Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co., 702 F.2d 67, 69 (5th Cir. 1983) (noting "basic rule of appellate jurisdiction" to avoid piecemeal appeals and the additional delay associated with them).

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30th day of January, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT